IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY L COOPER,

     Plaintiff,

v.                                                        CASE NO. 4:16-cv-576-RH-GRJ

SEAN CHAMBERLAIN, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony L Cooper, a Duval County pretrial detainee who is

presently confined at the Florida State Hospital (FSH), initiated this case by

filing a handwritten complaint for emergency injunctive relief in the Middle

District of Florida, Jacksonville Division.  ECF No. 1.  Plaintiff failed to

either pay the $400.00 civil rights filing fee or file a motion for leave to

proceed as a pauper, and did not use an approved Court form for his

complaint.  Because Plaintiff is presently confined in this district and his

claims concern events at FSH, the case was transferred to this Court.

ECF No. 2.  Further, because Plaintiff's allegations include a claim that he

fears his life is in danger at FSH, a copy of his Complaint and the Middle

District's transfer order were provided to the Inspector General and the

FSH Administrator for any action deemed appropriate.  *Id*.

Plaintiff alleges that from June 16, 2016, through September 3, 2016,

unidentified hospital staff tried to murder him by placing glass in his food.

A doctor threatened to kill Plaintiff if he reported the glass, and increased

Plaintiff's psychiatric medications in an attempt to murder Plaintiff so that

he cannot talk to the FBI.[1]  Plaintiff alleges that unnamed hospital staff are

smuggling drugs into the facility to sell.  For relief, Plaintiff requests to see

FBI agents to give evidence.  ECF No. 1.

The Court takes judicial notice that Plaintiff is a prolific frequent filer

in federal court.  The Prison Litigation Reform Act of 1995 ("PLRA")

provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915

(the *in forma pauperis* statute):

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three

strikes" rule.  "A prisoner under imminent danger of serious physical injury

---

[1]These claims are also raised in other cases filed by Plaintiff.  *See Cooper v. Medical Director, Case No. 4:16-cv-570-MW-GRJ.*

can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule.  In a Report and Recommendation (ECF No. 4) entered in Case No. 4:02-cv-76-RH on March 7, 2002, the United States Magistrate Judge recommended that Plaintiff's case be dismissed because he had filed the following cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:00cv135; (2) 4:98cv197; (3) 3:00cv89; and (4) 3:00cv51. The District Judge adopted the Report and Recommendation, and the case was dismissed on April 18, 2002.  ECF No. 5.  As a District Judge in the Middle District recently observed, since being declared a "three-striker" Plaintiff has filed "countless actions" that have been dismissed pursuant to the three-strikes provision.  *See Cooper v. King*, Case No. 3:16-cv-537-TJC-JBT ECF No. 2 (M.D. Fla. 5/16/16).[2]

---

[2] Plaintiff has filed at least eight additional recent cases in the Middle District that were transferred to the Northern District, all of which pertain in some way to the conditions of confinement at FSH.  *See* Northern District of Florida Case Nos. 4:16-cv-519-WS-GRJ, 4:16-cv-556-WS-CAS, 4:16-cv-557-MW-CAS, 4:16-cv-569-WS-CAS, 4:16-cv-570-MW-GRJ, 4:16-cv-571-WS-CAS, 4:16-cv-577-RH-CAS, and 4:16-cv-579-MW-CAS.

The Court has confirmed Plaintiff's status as a Duval County pretrial detainee by comparing his name and inmate number on the original docket for this case in the Middle District of Florida with his name and inmate number on the Duval County criminal court dockets.  *See* Middle District of Florida Case No. 3:16-cv-1127-MMH-MCR (identifying Plaintiff as Anthony L. Cooper with prisoner number 2016001598 and an address at Florida State Hospital); *State v. Cooper*, Duval County Circuit Court Case Nos. 16-CF-587 and 590 (identifying criminal defendant as Anthony Leonardo Cooper, offender number 2016-001598, charged with grand theft in two cases).  In an order dated May 20, 2016, Duval County Circuit Judge Steven B. Whittington declared Plaintiff incompetent to proceed due to mental illness and committed Plaintiff to the Department of Children and Families to be placed in a mental health treatment facility; a Florida State Hospital Commitment Package was then generated.   Duval County Circuit Court Case Nos. 16-CF-587, Doc. Line 81.  A review hearing is scheduled for November 16, 2016.  *Id*. Doc. Line 91.  In a recent case filed in the Middle District that was not transferred to this Court, Plaintiff confirmed that he was transferred from the Duval County Jail to Florida State Hospital. *See Cooper v. Peoples*, Case No. 3:16-cv-876-MMH-MCR, ECF No. 2 (M.D. Fla. 7/6/16) (dismissing case).

As a pretrial detainee, Plaintiff is subject to the requirements of the PLRA.  *See* 28 U.S.C. § 1915(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").  Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the

imminent danger exception.  *Medberry,* 185 F.3d at 1193 (holding that

exception not triggered where threat of assault by other prisoners ceased

to exist when plaintiff was placed in administrative confinement prior to

filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th

Cir. 2002) (imminent danger exception is construed narrowly and available

only "for genuine emergencies," where "time is pressing" and "a threat . . .

is real and proximate.").

Plaintiff's claims that staff have attempted to murder him by putting

glass in his food, that a doctor threatened to murder him for reporting the

glass, and that the doctor tried to murder him by increasing his psychiatric

medication, are facially incredible.  The Complaint lacks any factual

specificity regarding who committed the acts and how Plaintiff was harmed

as a result, such that the Court finds that Plaintiff's Complaint does not

plausibly allege facts showing that he is in imminent danger of serious

physical injury.[3]  Accordingly, the Court concludes that Plaintiff is barred by

the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as

a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis

---

[3]Moreover, the primary relief sought by Plaintiff in this case – notification of authorities of his allegations – was arguably obtained when the Middle District forwarded his Complaint to the FSH Inspector General and Administrator.  *See* ECF No. 2.

must pay the filing fee at the time he initiates the suit, and failure to do so

warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234,

1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that this

case should be dismissed without prejudice pursuant to the 28 U.S.C. §

1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 28th day of September 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**